United States District Court
District of Massachusetts

| | |
|---|---|
| WITTKOWSKI,<br><br>      Plaintiff,<br><br>      v.<br><br>SPENCER, ET AL.,<br><br>      Defendants. | Civil Action No.<br>14-11107-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of the purportedly inadequate medical treatment of pro se plaintiff Jojo Wittkowski ("plaintiff"), who is currently incarcerated at Old Colony Correctional Center in Bridgewater, Massachusetts.

### I. Background

Plaintiff is a transgender (male to female) woman. In March, 2014, she filed a complaint alleging that, by declining to treat her gender identity disorder, defendants, who are healthcare personnel employed by the Massachusetts Department of Corrections, 1) violated the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983 and 2) committed "medical negligence and malpractice" in violation of Massachusetts law.

In September, 2015, plaintiff submitted an amended complaint that identified nine defendants. Since then, claims

-1-

against four defendants have been dismissed by this Court. The remaining defendants are Steven Levine, Robert Deiner, Joel Andrade, Neal Norcliffe and Thomas Grobleski.

In December, 2016, Deiner, Andrade, Groblewski and Levine (collectively, "the subject defendants") filed a joint motion to refer plaintiff's medical malpractice claim to a medical malpractice tribunal. Plaintiff opposes that motion but, for the following reasons, it will be allowed.

## II. Motion for Referral to Medical Malpractice Tribunal

### A. Legal Standard

Massachusetts law provides a screening mechanism for medical malpractice claims. It requires that, before proceeding in court, such claims

> shall be heard by a tribunal . . . [which] shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result.

M.G.L. c. 231, § 60B. If the tribunal finds in favor of the defendant, the plaintiff is permitted to pursue the case in court only after satisfying a $6,000 bond requirement. Id.

Referring Massachusetts state law claims to a medical malpractice tribunal is appropriate when such claims are in federal court pursuant to either diversity or supplemental jurisdiction. See Feinstein v. Massachusetts Gen. Hosp., 643 F.2d 880, 883 (1st Cir. 1981) (holding that medical malpractice

claims under Massachusetts law that are in federal court based on diversity jurisdiction must be referred to a medical malpractice tribunal); Turner v. Sullivan, 937 F. Supp. 79, 80 (D. Mass. 1996) (finding that medical malpractice claims under Massachusetts law that are in federal court under supplemental subject matter jurisdiction must be referred to a medical malpractice tribunal).

**B. Analysis**

Pursuant to M.G.L. c. 231, § 60B, the subject defendants move for the Court to refer plaintiff's medical malpractice claims to the Massachusetts Superior Court Department of the Trial Court so that it may convene a medical malpractice tribunal. Plaintiff opposes that motion on the grounds that 1) this Court denied defendants' motion to dismiss the claim at issue and 2) she is indigent and thus, even if the subject defendants prevail in the tribunal, unable to pay the required bond.

The contention of the subject defendants that plaintiff's medical malpractice claim must be referred to a medical malpractice tribunal is compelling. That claim is properly in this Court under supplemental jurisdiction stemming from plaintiff's 42 U.S.C. § 1983 claims. 28 U.S.C. § 1367(a). Accordingly, it is appropriate to refer it to a medical malpractice tribunal. Turner, 937 F. Supp. at 80.

Moreover, plaintiff's objections to such a referral are unavailing. First, her contention that the denial of defendants' motion to dismiss means she has stated a plausible malpractice claim is mistaken. Referral to the tribunal is required for all medical malpractice claims under Massachusetts law and there is no exception for claims that have survived a motion to dismiss. M.G.L. c. 231, § 60B. Furthermore, unlike the standard for dismissal, the tribunal standard is focused on the medical viability of plaintiff's claim. Id.; see also Doyle v. Shubs, 717 F. Supp. 946, 947 (D. Mass. 1989), aff'd, 905 F.2d 1 (1st Cir. 1990).

Second, plaintiff's contention that she would be unable to pay the bond if the tribunal ruled in favor of defendants does not foreclose the tribunal from hearing her claim. If the tribunal determines that the purported malpractice is merely an unfortunate medical result, plaintiff can move for the bond to be reduced. See Feinstein v. Massachusetts Gen. Hosp., 643 F.2d 880, 889-90 (1st Cir. 1981); Rua v. Glodis, No. 10-cv-40251-FDS, 2012 WL 2244817, at *3 (D. Mass. June 14, 2012). Therefore, because Massachusetts law requires that plaintiff's medical malpractice claim be heard by a tribunal, the subject defendants' motion will be allowed.

## ORDER

In accordance with the foregoing,

1) The motion of the defendants Deiner, Andrade, Groblewski and Levine for referral to medical malpractice tribunal (Docket No. 113) is **ALLOWED** and

2) the Clerk of Court is directed to refer plaintiff's medical malpractice claim to the Massachusetts Superior Court Department of the Trial Court for the purpose of convening a medical malpractice tribunal pursuant to M.G.L. c. 231, § 60B.

**So ordered.**

                                        /s/ Nathaniel M. Gorton  
                                        Nathaniel M. Gorton  
                                        United States District Judge

Dated April 20, 2017