UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
ALYSSA WITTKOWSKI,                      )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )        Civil Action No. 14-11107-NMG
                                        )
NEIL NORCLIFF, et al.,                  )
                                        )
        Defendants.                     )
_____)

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS FOR
PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER TO ATTEND DEPOSITION
[Docket No. 169]

February 27, 2018

Boal, M.J.

On December 8, 2017, pro se[1] plaintiff Alyssa Wittkowski filed a motion to compel the

Defendants to produce certain documents and to stay her deposition, which she stated was

scheduled for December 15, 2017.  Docket No. 161.  This Court reserved ruling on Wittkowski's

request for an order compelling the Defendants to produce documents and denied her request to

stay her deposition.  Docket No. 163.  In the order, the Court referred to December 15, 2017 as

the date of the deposition, based on Wittkowski's own representations on her motion.  See id.

Apparently, however, the deposition had actually been noticed for December 14, 2017.  When

Defendants' counsel appeared at the facility where she is confined by the Department of

Corrections to take Wittkowski's deposition on December 14, she refused to appear at the

_____
[1] On December 18, 2017, this Court granted Wittkowski's renewed motion for appointment of
counsel.  Docket No. 168.  To date, however, the Court's Pro Bono Coordinator has been unable
to obtain counsel to represent Wittkowski.

deposition.  Docket No. 170 at 2.  Wittkowski refused to allow her deposition because this Court's order denying her request for a stay referred to her deposition as scheduled for December 15, 2017, not December 14, 2017.  See id.; Docket No. 174 at 2.  She maintains that because the Court's order stated that the date of the deposition was December 15, 2017, she was not prepared when defense counsel showed up on the 14th.  Id.

Defendants have moved to dismiss this action as a sanction for Wittkowski's refusal to attend her deposition and for failure to prosecute under Rule 41(b).  Docket No. 169.[2]  There is a strong presumption in favor of deciding cases on the merits.  Malot v. Dorado Beach Cottages Assoc., 478 F.3d 40, 43 (1st Cir. 2007).  Therefore, "[d]ismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate."  Id. at 44 (quotation omitted).  The First Circuit has not generally upheld a dismissal with prejudice based on a single instance of noncompliance with a discovery order.  See id.

Based on all of the circumstances, the Court finds that dismissal is not warranted in this case.  Although Wittkowski's proffered justification is poor, this is Wittkowski's first instance of a discovery order violation.  The Court also notes that after it denied Wittkowski's request for a stay, Wittkowski filed a renewed motion for appointment of counsel, which the Court granted.  Had the motion for appointment of counsel been filed at the same time as the request for a stay, the Court would have been inclined to stay the deposition until counsel could be appointed for Wittkowski.  Accordingly, the Court declines to recommend that the District Court dismiss this case.

---

[2] Judge Gorton referred the motion to the undersigned on December 20, 2017.  Docket No. 171.

The Court further recommends that the District Judge order Wittkowski to appear for her deposition within thirty days after the appearance of pro bono counsel in this case.  If the Pro Bono Coordinator is unable to find pro bono counsel willing to take this case within the next thirty days, then the Court recommends that the District Judge order Wittkowski to appear for her deposition within two weeks thereafter and continue to represent herself in this case.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge